JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| THE RETAIL PROPERTY TRUST, a Massachusetts business trust,<br><br>Plaintiff,<br><br>v.<br><br>UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, et al.,<br><br>Defendants. | Case No.: SACV 10-01605-CJC(AJWx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

**I. INTRODUCTION & BACKGROUND**

Plaintiff The Retail Property Trust ("RPT") brought this action against Defendants United Brotherhood of Carpenters and Joiners of America, Carpenters Local Union No. 803, and James Flores (collectively, "Defendants") in Orange County Superior Court on October 20, 2010. (Dkt. No. 1 ["Notice of Removal"].) RPT had originally pled

California state-law claims for trespass, private nuisance, declaratory relief, and injunctive relief by alleging that Defendants engaged in demonstrations at the Brea Mall (the "Mall") without complying with the Mall's rules restricting the time, place, and manner for such protests. (Notice of Removal, Exh. 1.) Defendants immediately removed the case to this Court on the basis of federal question jurisdiction, asserting that the causes of action brought by RPT were preempted by Section 303 of the Labor Management Relations Act ("LMRA") and Section 8(b)(4) of the National Labor Relations Act ("NLRA"). (*See* Notice of Removal.) With the Court's leave, RPT ultimately filed a Second Amended Complaint ("SAC") to bring a claim under Section 303 of LMRA while still asserting its state-law claims for trespass, private nuisance, and injunctive relief pursuant to California Labor Code § 1138.1. (Dkt. No. 37 [SAC].) On September 27, 2011, the Court granted in part Defendants' motion to dismiss RPT's state-law claims on the ground that they were preempted by the LMRA.[1] (Dkt. No. 45.)

Thereafter, RPT appealed the dismissal of its trespass and private nuisance claims.[2] The Ninth Circuit held that these state-law claims were not preempted, reversed their dismissal, and remanded the case for this Court's consideration of these state-law claims against all defendants. *Retail Prop. Trust*, 768 F.3d at 962–63 ("In as much as only state claims remain, the district court may decide whether to continue to exercise supplemental jurisdiction over the state claims or send them back to state court, as appropriate."). Before the Court is RPT's motion to remand the case to state court on the ground that the

---

[1] Following the dismissal of the state-law claims, the only remaining claim was RPT's Section 303 claim. Subsequently, the Court dismissed the claim against Defendant Mr. Flores because a Section 303 claim cannot be brought against a union member in his individual capacity. (Dkt. No. 67.) Later, in July 2012, the Court granted RPT's motion to voluntarily dismiss its Section 303 claim against the remaining defendants and dismissed the action with prejudice. (Dkt. No. 80.)

[2] RPT did not object to the Court's dismissal of its claim for an injunction pursuant to California Labor Code § 1138.1 and thus waived it on appeal. *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of America*, 768 F.3d 938, 950 n.7 (9th Cir. 2014).

Court should decline to exercise supplemental jurisdiction over the remaining state-law claims. (Dkt. No. 94 ["Pl.'s Mot."].) For the following reasons, RPT's motion is GRANTED.[3]

## II. ANALYSIS

A district court may decline to exercise supplemental jurisdiction over a related state-law claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In determining whether to exercise supplemental jurisdiction, the court considers and weighs the values of "judicial economy, convenience and fairness to litigants," and comity. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). The Supreme Court has noted that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997). Moreover, although the decision is firmly within the discretion of the district court, where the federal claim is dismissed in the "early stages" of the litigation, this factor weighs heavily toward declining pendent jurisdiction. *See Carnegie-Mellon Univ.*, 484 U.S. at 350; *see also Gibbs*, 383 U.S. at 726 ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

---

[3] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for February 2, 2015 at 1:30 p.m. is hereby vacated and off calendar.

In the present action, the remaining claims for trespass and private nuisance are brought under California state law. Given that this case now presents only state-law issues, and no federal claim is implicated, the interests of comity strongly favor remanding this matter to state court—a more appropriate forum to adjudicate issues under California law. Furthermore, remand would promote judicial economy and convenience to the parties. Although the Complaint was filed in 2010, the matter has not advanced beyond the early stages of litigation. Prior to the appeal, the only issues briefed by the parties and addressed by this Court were whether Section 303 of the LMRA preempted RPT's state-law claims and whether a Section 303 claim can be brought against a union member in his individual capacity. The Court has not yet considered the merits of RPT's state-law claims, and the parties had conducted only limited discovery in early 2012. At this early stage of litigation, remanding the case will not prejudice nor impose substantial inconvenience on the parties. Therefore, given that the interests of comity, economy, convenience, and fairness heavily favor a state forum for this matter, the Court declines to exercise supplemental jurisdiction over RPT's state-law claims.

## III.  CONCLUSION

Accordingly, RPT's motion to remand is GRANTED and this case is hereby REMANDED to Orange County Superior Court.

DATED:     January 27, 2015

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE